### Succession of NEWMAN. *
### No. 16072.

Court of Appeal of Louisiana. Orleans.
April 29, 1935.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellant.

Arthur B. Leopold, of New Orleans, for appellee.

LECHE, Judge.

On June 21, 1934, Robert J. Newman, as the testamentary executor of the succession of Earle W. Newman, filed his first and final account. On June 29, 1934, appellee, Emile Durieu, filed an opposition to the said account, claiming that the sum of $1,800 owed him by the decedent was omitted therefrom. Opponent claimed that this sum consisted of various amounts loaned and advanced to decedent by him and itemized the same as follows:

| | | |
|---|---|---|
| 1930 | November 15th | $500.00 |
| | November 23rd | 250.00 |
| | December 5th | 350.00 |
| | December 22nd | 300.00 |
| 1931 | January 10th | 250.00 |
| | January 25th | 150.00 |
| | Total | $1800.00 |

*Rehearing denied June 24, 1935. Writ of error refused July 18, 1935.

On July 30th, about one month later, and before the trial of the opposition, opponent filed a supplemental and amended opposition in which it was shown that the amounts alleged to have been loaned and advanced to decedent in the year 1930 were, in truth and in fact, loaned and advanced in the year 1931, and that the amounts shown to have been loaned in 1931 were, in truth and in fact, loaned and advanced in 1932. In other words, the dates shown were advanced one year. In explanation of this, the supplemental opposition avers that opponent furnished and supplied his attorney with the proper information and data upon which to base the opposition, but that through a misunderstanding the attorney had set forth erroneous dates, and the purpose of the supplemental and amended opposition was to correct this error. The original and supplemental and amended oppositions were tried on December 13th, resulting in a judgment maintaining same and ordering an amendment of the account by the inclusion of opponent as a creditor of the estate in the sum of $1,800. It is from this judgment that the testamentary executor has appealed.

The evidence introduced by opponent and appellee consists of his own testimony and that of three other witnesses. Opponent testified that he loaned and advanced to the decedent the sums set forth in his supplemental and amended opposition on the dates therein set forth, totaling $1,800. He further testified that from time to time he made personal requests of the decedent for the repayment of these amounts, and was consistently told by decedent that the sums were noted in a book, and that, in the event of his death, they would be repaid by his estate. The witnesses, D. E. Phillips, Dr. Herman White, and Jules Jacobs, all testified that on various occasions decedent had admitted to them or stated to others in their presence that he owed the said sum to appellee and that in the event of his death the said amount would be paid. The witnesses all claimed to be, not only on friendly, but on intimate, terms with the decedent.

The testimony on behalf of the testamentary executor and appellant consists in his own testimony and that of four other witnesses, and boils down to the proposition that each and every one of them were on the most friendly and intimate terms with the decedent, that he confided in them and sought their advice on various matters, and that, had he owed the money claimed in this suit by the appellee, he would unquestionably have mentioned this fact to them. These witnesses further testified positively to the fact that decedent stated to them on various occasions, and within a comparatively short time before his death, that he had paid off all of his indebtedness and owed no one save a Dr. Hay. It appears from the record that these gentlemen were on most intimate terms with the decedent for some time prior to his death and were constantly in his company.

Section 2 of Act No. 11 of the Regular Session of 1926 reads as follows: "That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought within a delay of twelve (12) months after the death of the deceased, unless it consists of the testimony of at least one credible witness of good moral character, besides the plaintiff; or unless it be to corroborate a written acknowledgment or a promise to pay, signed by the debtor."

In this case the opposition was filed within one year after the death of the decedent, and therefore, under the law above quoted, parol evidence is admissible to prove the debt, provided it consists of the testimony of one credible witness of good moral character in addition to that of plaintiff. This case, therefore, coming within the terms of the statute, resolves itself into one of the weight and sufficiency of the evidence.

It should be stated here that the record amply discloses the decedent to have been a gambler and race track follower. He was given to the borrowing of money from his friends, which he did frequently, and which he repaid when he had the funds. The record further discloses that the opponent and appellee was also a member of the gambling fraternity, as well as all his witnesses, save Dr. White, a reputable professional man of this city. It seems to have been a regular custom among these people to borrow and lend money from time to time among themselves. The record, however, does not disclose to our satisfaction that the debt in question here was a gambling debt.

It is not necessary in reaching our conclusion in this case to impugn the motives or credibility of any of the witnesses or parties involved. The testimony of opponent's witnesses that decedent admitted the debt in their presence is no doubt true, but all of these admissions appear to have been made a year or more prior to the death of decedent, whereas the statements made to the defense witnesses by decedent, that he had paid all of his debts except an obligation to Dr.

Hay, appear to have been made at later dates and to those who were close to him at a later period than opponent and his witnesses. Opponent himself testified that, aside from the funds which he now claims, he had loaned money many times to decedent, and had always been paid back, and that, had decedent lived, he would not have hesitated to advance him further sums. It seems to us that the record fairly establishes that the decedent, whenever he was financially able, made it a point to meet his obligations. The record further discloses that within a year prior to his death decedent inherited a sum exceeding $100,000 from the succession of his mother. His general reputation for paying his debts when he had the money being satisfactorily established and, in fact, admitted by opponent, it is unreasonable to suppose that upon coming into so large a sum he would have failed to pay this obligation if it was due. Furthermore, even the opponent himself shows that, when he made the advance to Mr. Newman, he did so because he understood that he was to be repaid when Mr. Newman came into his inheritance. It is therefore difficult to believe that, knowing that Mr. Newman had inherited the large amount which was expected, he would have permitted many months to elapse without requiring that repayment be made. The evidence on both sides is based upon the statements of the decedent—based on the one hand upon his admissions of the debt and on the other hand and at a later date by his statement that all of his obligations had been paid.

A careful study of the record has convinced us that opponent has failed to carry his burden of proof, and for these reasons the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that the original, as well as the supplemental and amended, oppositions of Emile Durieu be, and the same are hereby, dismissed.

Reversed.